UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUTILIO RAMIREZ LOPEZ,<br>Petitioner,<br>v.<br>ICE FIELD OFFICE DIRECTOR, et al.,<br>Respondents. | Case No. 2:26-cv-01900-TMC<br><br>ORDER DENYING MOTION TO ENFORCE JUDGMENT |

## I. ORDER

Petitioner's motion to enforce the judgment is DENIED. Petitioner argues in his motion and declaration that Respondents failed to comply with this Court's August 6th Order by (1) failing to meet their burden at a subsequent bond hearing of showing by clear and convincing evidence that Petitioner was a flight risk or a danger to the community; and (2) holding the bond hearing beyond the seven-day deadline imposed by the Order. Dkt. 11 at 2; Dkt. 12 ¶ 13. Both arguments are unpersuasive.

First, Petitioner is mistaken that Respondents bore the burden of proof at the September 9th bond hearing before an Immigration Judge ("IJ"). Under 8 U.S.C. § 1226(a), the burden falls on Petitioner to show "by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (internal quotation marks and citation omitted). If Petitioner wishes to challenge the IJ's decision, he may do so either by appealing the denial of bond to the Board of Immigration Appeals or, if Petitioner can show that such an appeal would be futile, he may file a second habeas petition in this court. *See Martinez v. Clark*, 124 F.4th 775, 782 (9th Cir. 2024); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

Second, Petitioner has not demonstrated that Respondents failed to comply with the deadline imposed by the Court in the August 6th Order. The Order directed Respondents to either release Petitioner or provide him with a bond hearing within seven days of Petitioner's request for a hearing. Dkt. 9 at 2. Despite arguing that Respondents missed this deadline, Petitioner does not support his argument with a key piece of evidence—when he requested the bond hearing. An exhibit provided by Respondents shows that Petitioner, through counsel, submitted documents on August 23 for the IJ to consider at the hearing which had apparently been scheduled for the following day (August 24). Dkt. 15-3 at 2. It is not clear why the hearing was then postponed until September 9, or who requested the continuance, though Petitioner makes some reference to his counsel withdrawing from the case. *See* Dkt. 12 at 2. On this record, the Court cannot conclude that Respondents failed to comply with the deadline imposed by the August 6th Order.

For the reasons explained above, the Court ORDERS as follows:

1. The motion to enforce the judgment (Dkt. 11) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 1st day of October, 2026.

Tiffany M. Cartwright
United States District Judge